RIVERHEAD SAVINGS BANK, Plaintiff, *v.* ELLA D. CARR and Others, Defendants.

Supreme Court, Kings Special Term, September, 1922.

Mortgages — sale on foreclosure — terms of sale at variance with judgment — judgment prevails — repayment to purchaser of amount of tax lien.

A judgment of foreclosure and sale directed the referee to pay from the proceeds of the sale, as provided by section 1676 of the Code of Civil Procedure, the taxes, assessments, water rents and other charges, etc. The terms of sale provided: " All taxes, assessments and water rates duly confirmed and payable which, at this

date, are liens or incumbrances upon said premises, will be allowed by the referee out of the purchase money, provided the purchaser shall, previous to the delivery of the deed, produce to the referee proof of such liens, and duplicate receipts for the payment thereof." *Held*, that the fact that the assignee of the purchaser at the sale assented to the terms thereof by agreeing to produce proof of liens and duplicate receipts did not absolve the referee from making the sale in accordance with the judgment.

The plaintiff having received the moneys which in part were applicable towards the satisfaction of the lien in order to carry out the terms of the judgment, should repay the petitioner, the assignee of the purchaser at the sale, the amount of a tax lien existing at the time of the sale.

APPLICATION to compel a referee to file his report.

*Timothy M. Griffing*, for plaintiff.

*Ira G. Darrin*, for petitioner Julia Sasse.

LEWIS, J.  This is an application why the referee in this proceeding should not be required to make and file a referee's report of the sale of the premises described in the petition; why the plaintiff should not be directed to pay to Julia Sasse, the petitioner, the sum of $56.35, with interest thereon from April 3, 1919, being the amount of taxes which became a lien against said premises on the 1st day of May, 1918, and why the plaintiff should not also be required and directed to pay to the petitioner the sum of $400.90, being the amount of a certain tax lien existing against the premises at the time of sale.  The plaintiff does not oppose the motion in so far as it directs the referee to file his report, and also that the plaintiff pay the tax due May 1, 1918, with the interest.  It opposes, however, the application to direct the plaintiff to pay $400.90, the amount of a tax lien existing at the time of the sale. The action was one to foreclose a mortgage.  The terms of sale provided: " 4th.  All taxes, assessments and water rates duly confirmed and payable which, at this date, are liens or encumbrances upon said premises, will be allowed by the referee out of the purchase money, *provided the purchaser shall, previous to the delivery of the deed, produce to the referee proof of such liens*, and duplicate receipts for the payment thereof."  That was at variance with the provisions of the judgment which directed the referee to pay from the proceeds of the sale, as provided in section 1676 of the Code of Civil Procedure, the taxes, assessments, water rents and other charges, etc. The property was bid in by one Henry L. Carr, who thereafter assigned his bid to the petitioner.  The mere fact that the petitioner assented to the terms of sale by agreeing to produce proof of liens and duplicate receipts did not absolve the referee from making the sale in accordance with the judgment.  See *Weseman v. Wingrove*, 85 N. Y. 353; *Easton v. Pickersgill*, 55 id. 310.  While it is doubtless true that the referee had no knowledge of the existence

of the lien in question, it seems from a reading of the papers that either the plaintiff or its attorney had such knowledge.   Plaintiff having received the moneys which, in part, were applicable towards the satisfaction of the lien in order to carry out the terms of the judgment, it should repay those to the petitioner.   The motion is granted.

Ordered accordingly.